

FILED
CLERK, U.S. DISTRICT COURT
APR 22 2014
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

**NOTE CHANGES MADE BY THE COURT**

FEB 26 2014

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CENTRAL DIVISION

| | |
|---|---|
| TONY DIDIO, an individual; TMB III MOVIE, LLC, a North Carolina Limited Liability Company; TMB III PRODUCTIONS, LLC, a North Carolina Limited Liability Company; and AQUARIUS FILMS, LLP, a United Kingdom Limited Liability Partnership,<br><br>Plaintiffs,<br><br>v.<br><br>DEAN JONES, an individual; PFG ENTERTAINMENT, INC., a California corporation; ATLANTIC & PACIFIC PICTURES, LLC; and DOES 1 through 50, inclusive,<br><br>Defendants.<br><br>ATLANTIC & PACIFIC PICTURES, LLC; DEAN JONES; PFG ENTERTAINMENT, INC.,<br><br>Counter-Claimants, | CASE NO. CV-13-4949-PSG(AGRx)<br><br>[~~PROPOSED~~] ORDER GRANTING ENTRY OF PROTECTIVE ORDER REGARDING DISCOVERY<br><br><br><br>**NOTE CHANGES MADE BY THE COURT** |

1  v.
2  TONY DIDIO; TMB III MOVIE, LLC;
3  TMB III PRODUCTIONS, LLC;
   AQUARIUS FILMS, LLP; TRICOAST
4  FILM PARTNERS IV LLC; TRICOAST
   FILM PARTNERS V LLC; TRICOAST
5  FILM PARTNERS VI LLC; TRICOAST
   WORLDWIDE; STRATH HAMILTON;
6  MARCY HAMILTON; JUSTIN APONE;
   AMANDA COOK; RICHARD DEAN
7  JOHNSON; and DOES 1 through 10,
   inclusive,
8
9        Counter-Defendants.

10   Having considered the parties' pleadings on file to date, and the parties'
11 stipulation submitted to the Court, the Court determines as follows:
12   1.   This stipulated Protective Order ("Protective Order") shall govern the
13 handling of documents and information produced, whether informally or in response to
14 a production request, by the Parties to treat information that has been or will be requested
15 and produced in discovery in this action as confidential.
16   2.   For the purposes of this Protective Order, "DOCUMENTS" means all
17 written, recorded, computerized, electronic, or graphical material or information and
18 things, whether produced or created by a Party or another person, and whether produced
19 in response to a discovery request, subpoena, agreement, or otherwise.
20   3.   The Parties to this action have the right to designate as "CONFIDENTIAL"
21 any documents in this action which either Party believes in good faith contains nonpublic
22 and sensitive personal information of individual persons, trade secrets, confidential
23 research, developments, commercial financial information and/or any other proprietary,
24 confidential, or competitively sensitive business information, which, if not protected,
25 could harm that party ("CONFIDENTIAL DOCUMENTS"). By entering into this
26 protective order providing for the designation of documents and other discovery

materials as "CONFIDENTIAL," no party is admitting that the contents of any such documents or other discovery materials are in fact confidential. No party receiving such a document, however, has the unilateral right to disregard such a designation. Rather, to challenge such a designation the procedures set forth herein must be followed.

4. Unless agreed to in writing by the respective counsel or otherwise ordered by the court, the CONFIDENTIAL documents and all information derived there from shall be used only in connection with, in preparation for and/or trial of this action, *TONY DiDIO, et al. v. DEAN JONES, et al.*, Central District of California, CASE NO. CV-13-4949-PSG(AGRx) (this "ACTION"), and shall not be used for any other purpose whatsoever, and shall not be used or disclosed in any cases designated as "related" cases under state or federal law.

5. By producing the CONFIDENTIAL documents, producing Parties do not waive any objection to the CONFIDENTIAL documents admissibility, relevance, or any other ground of objection, all of which grounds are specifically reserved.

6. The CONFIDENTIAL documents and any copies, summaries, extracts, notes or memoranda relating thereto may be disclosed by counsel of record for the Parties to this ACTION *only* to the following:

    a. The Parties and their officers;

    b. Counsel of record for the Parties, counsel's employees, and/or agents who are working on this specific case;

    c. Consultants and experts employed by counsel of record for the purpose of assisting in the preparation for and/or trial of this specific case but only to the extent such persons need such confidential information for that preparation;

    d. The court and court personnel;

    e. Employees of outside copy services used to make copies of CONFIDENTIAL documents;

AGR 1      f. ~~The jury selected for trial in this matter (if any); and,~~

2      g. Any other person under such terms as may be agreed by the Parties in writing or as the court may hereafter order.

However, documents or information designated CONFIDENTIAL that also includes a designation of "ATTORNEYS EYES ONLY" ("AEO") may only be shown to the attorneys of record for the parties in this action or to the court in connection with a filing under seal as provided herein.

AGR 7. Each person, other than the court, parties or their counsel, to whom information designated as CONFIDENTIAL is disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such persons of any such information. The persons described in Paragraphs 6(c), 6(e) and 6(g) shall not have access to either CONFIDENTIAL information, as the case may be, until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance, in the form stipulated to by the parties. Once a person has executed such an Assurance of Compliance, it shall not be necessary for that person to sign a separate Assurance of Compliance each time that person is subsequently given access to confidential material.

8. Any Party wishing to attach a CONFIDENTIAL document as an exhibit to any deposition in this ACTION shall inform the court reporter or transcriber who reports or transcribes testimony about this Protective Order before the beginning of the deposition. Portions of deposition transcripts marked "CONFIDENTIAL" shall be treated as if they were the CONFIDENTIAL documents.

AGR 9. ~~In the event the CONFIDENTIAL document and portions of transcripts designated as CONFIDENTIAL, either by agreement among counsel or by order of the court, are deposited with the court, they shall be filed in an envelope bearing the caption of this matter and the "CONFIDENTIAL" notation.~~

10. In the event that the CONFIDENTIAL documents or portions or transcripts

AGR

1  designated as CONFIDENTIAL are deposited with the court or used in connection with
2  any filing or proceeding in this ACTION, the CONFIDENTIAL documents shall be filed
3  with an application to file under seal, in an envelope bearing the caption of this matter and the notation "CONFIDENTIAL."
4  ~~Said documents will be filed under seal with the Court,~~ The Parties shall comply with
5  the Central District of California's local rules governing filing matters under seal.

6      11.    The Protective Order, its terms, the designation of a transcript as
7  CONFIDENTIAL, the designation of documents as CONFIDENTIAL, or of the fact that
8  material is confidential shall not be admissible during trial and shall not be
9  communicated to the jury.

10     12.    All CONFIDENTIAL documents, including all copies and information
11 obtained from such CONFIDENTIAL documents shall, subject to the provisions hereof,
12 be used by the person receiving them only in connection with prosecuting or defending
13 persons or entities named in and in connection with this action. CONFIDENTIAL
14 documents shall not be used for any business, competitive, or other purposes, and shall
15 not be disclosed to any person or entity, except as provided herein. However, the
16 Protective Order is not intended to apply to documents or information that is or was
17 already publicly available, or documents or information already possessed by a person
18 without restriction on use or disclosure.

19     13.    In the event that a Party receiving material designated as CONFIDENTIAL
20 disagrees with such a designation, that Party shall serve written notice of objection to the
21 Party designating the material CONFIDENTIAL. The Parties shall then attempt in good
22 faith to resolve the dispute. If the Parties are unable to come to a resolution after a good
23 faith attempt to resolve the dispute, the Party challenging the protection of the material
24 shall arrange a conference with the court, or a duly appointed discovery referee, to
25 resolve the dispute, if possible, or proceed with a noticed motion (or ex parte application
26 if warranted) to resolve the dispute. The prevailing party in any dispute regarding the
27 designation of documents as Attorney's Eyes Only pursuant to the terms of this

Case 2:13-cv-04949-PSG-AGR Document 95-1 Filed 02/26/14 Page 6 of 7 Page ID #:1451

FOR 1  Stipulation ~~shall~~ **may** be entitled to collect reasonable attorney's fees and costs associated
2  with de-designated from the non-prevailing party. The designation may not be
3  disregarded unless and until it is ordered changed by the court.

4      14.    The parties, their counsel and all others bound by this agreement agree that
5  upon coming across material from an adversary that is apparently confidential or
6  privileged, and that appears was disclosed inadvertently, the lawyer (including those the
7  materials have been shared with) has a duty to: (1) examine the material only to the extent
8  necessary to determine that it is privileged or confidential; (2) immediately notify the
9  sender of the lawyer's possession; and (3) attempt to resolve the dispute informally, or
10 refrain from using the material until further court order. *See Rico v. Mitsubishi Motors
11 Corp.*, 42 Cal. 4th 807 (2007) (California Supreme Court defining a lawyer's ethical
12 duties when coming across material from an adversary that is obviously confidential or
13 privileged and it appears that the material was disclosed inadvertently).

14      15.    Upon final determination of this action, whether by judgment or settlement
15 or otherwise, including all appeals:

        a.    The Parties counsel of record and any other person who has received DOCUMENTS designated as CONFIDENTIAL shall, at the recipient's discretion, maintain, destroy or, if requested by the producing Party's counsel, assemble and return to the producing Party's counsel all CONFIDENTIAL documents so produced, along with all copies, extracts, summaries and compilations thereof, except material constituting the work product of any counsel, which shall be kept confidential thereafter. If returning the documents, each Party shall select and arrange with a messenger service to pick up and return the DOCUMENTS to the respective Party's counsel;

        b.    Counsel of record will continue to protect the confidentiality of information contained in CONFIDENTIAL documents retained

[PROPOSED] ORDER ENTERING
PROTECTIVE ORDER
CV13-4949-PSG(AGRX)

Case 2:13-cv-04949-PSG-AGR   Document 95-1   Filed 02/26/14   Page 7 of 7   Page ID #:1452

under (a) above; and,

    c.    The clerk of the court shall be requested to return to the disclosing parties all CONFIDENTIAL documents, which have been filed with the court.

16. The execution of this Protective Order shall not preclude any party from moving the court for protective orders in the course of this litigation, from modifying or expanding this Protective Order as needed or from objecting to discovery that it believes to be improper.

17. This Protective Order is subject to amendment and modification by further written stipulation among counsel of record in this action or by order of the court.

18. The Parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

**IT IS SO ORDERED.**

DATED: ~~February~~ April 22, 2014

*Alicia G. Rosenberg*
HON. ~~PHILLIP S. GUTIERREZ~~
U.S. DISTRICT COURT JUDGE